# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELBOW ENERGY, LLC, | No. 4:19-CV-00764 |
| Plaintiff, | (Judge Brann) |
| v. | |
| EQUINOR USA ONSHORE PROPERTIES INC., | |
| Defendant. | |

## ORDER

### JULY 3, 2019

Defendant Equinor USA Onshore Properties Inc. ("Equinor") moves to dismiss the complaint filed by Plaintiff Elbow Energy, LLC ("Elbow"). For the following reasons, that motion will be granted.

### Background[1]

The complaint alleges that Equinor and Elbow are parties to an oil and gas lease under which Equinor was obligated to pay certain royalties to Elbow. Elbow claims that Equinor breached the terms of the lease by paying royalties in insufficient sums. Elbow filed a two-count complaint in the Court of Common Pleas of Lycoming County, Pennsylvania. Count I of Elbow's complaint seeks

---

[1] Unless otherwise noted, relevant facts are derived from Elbow's complaint, ECF No. 1-1.

damages for breach of contract, and Count II seeks an accounting of certain records as well as damages for breach of contract.

Equinor removed the action to this Court[2] and presently moves to dismiss Elbow's complaint under Federal Rule of Civil Procedure 12(b)(6).[3] Equinor argues that Elbow has not complied with an express lease provision proscribing the commencement of a judicial action for damages until one year after Equinor was notified and given an opportunity to cure its alleged breach.[4]

## Discussion

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[5] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[6] the court does not, however, assume the truth of any of the complaint's legal conclusions.[7] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[8]

---

[2] Notice of Removal (ECF No. 1).
[3] Motion to Dismiss (ECF No. 8).
[4] Brief in Support (ECF No. 9).
[5] F. R. Civ. P. 12(b)(6).
[6] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

Equinor argues that paragraph six of the lease requires Elbow to notify Equinor of its purported breach and provide Equinor with an opportunity to cure prior to commencing a civil action for damages. Paragraph six's notice-and-cure provision provides as follows:

> This Lease shall not be terminated, in whole or in part, nor Lessee held liable for any failure to perform unless such obligation, covenant or condition remains unsatisfied and unperformed *for a period of one year following the express and specific written demand upon Lessee by Lessor for such satisfaction and performance.* Neither the service of said notice nor the doing of any acts by Lessee intended to satisfy any of the alleged obligations shall be deemed an admission or presumption that Lessee has failed to perform all its obligations hereunder. *No judicial action may be commenced for forfeiture of this lease or for damages until after said period*. Lessee shall be given a reasonable opportunity after judicial ascertainment to prevent forfeiture by discharging its expressed or implied obligation as established by the court.[9]

Here, Elbow sent a letter to Equinor on July 31, 2018 demanding payment of additional royalties.[10] Inferring in Elbow's favor that the letter satisfied the lease's notice requirements, Equinor had until July 31, 2019 to cure its purported deficient performance. But Elbow commenced this action on March 28, 2019. Therefore, Elbow's present action is premature and violates the express terms of the notice-and-cure provision.

---

[9] Exhibit A (ECF No. 1-1) at 24 ¶ 6 (emphasis added).

[10] Complaint (ECF No. 1-1) at 12.

Elbow's three arguments asking this Court to look the other way are unavailing. First, Elbow argues that "no adjudication actually holding Equinor liable for any breach of its duties under the Lease will occur until after July 31, 2019."[11] But the notice-and-cure provision expressly prohibits judicial actions from being *commenced* until one year after Elbow notified Equinor that Equinor was in breach; the provision does not predicate a judicial action's propriety on the date at which time Equinor may be held liable.

Second, Elbow argues that the notice-and-cure provision does not apply to its claim for accounting.[12] But Elbow is the master of its complaint and Count II therein is styled as a claim for "accounting and damages."[13] The lease makes clear that any judicial action for damages invokes the notice-and-cure provision's one year bar.

Third, Elbow argues that its alleged non-compliance with the one year cure period is an immaterial failure.[14] But Pennsylvania law requires a lease "to be construed in accordance with the terms of the agreement as manifestly expressed,"[15] and I decline Elbow's invitation to conclude otherwise when the

---

[11] Brief in Opposition (ECF No. 10-2) at 9

[12] Brief in Opposition (ECF No. 10-2) at 9.

[13] Complaint (ECF No. 1-1) at 17.

[14] Brief in Opposition (ECF No. 10-20 at 10.

[15] *J.K. Willison v. Consolidation Coal Company,* 637 A.2d 979, 982 (Pa. 1994).

notice-and-cure provision's plain meaning prohibits the commencement of judicial action until the one year cure period expires.

In sum, by commencing the present action before July 31, 2019, Elbow has violated the lease, and Elbow's claims must be dismissed. That dismissal, however, is without prejudice to Elbow to reassert its claims at a time that they become appropriate for judicial intervention.

Disposition

**IT HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge